IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONTAY SANDERS, # R-13639,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-00629-NJR |
| | ) |
| **VIPEN SHAH,** | ) |
| **WEXFORD MEDICAL SOURCES,** | ) |
| **JOHN BALDWIN,** | ) |
| **TY BATES,** | ) |
| **JACQUELINE LASHBROOK,** | ) |
| **SUZANN BAILEY,** | ) |
| **ROBERT SAMOLINSKI,** | ) |
| **and MARK HARTMAN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Dontay Sanders, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff alleges that he has been served a soy-based diet since entering the Illinois Department of Corrections ("IDOC") on February 24, 2015 (Doc. 1, p. 5). As a result, he suffers from persistent and severe stomach pains, severe headaches, extreme gas, poor circulation, fatigue, 4-8 day bouts of constipation, and a torn anus (*id*. at 5-6).

Plaintiff met with a physician at Pinckneyville, Doctor Vipen Shah, to discuss these health concerns on several occasions (*id*. at 5). He also requested treatment for his multiple sclerosis (*id*. at 6). Doctor Shah refused to treat Plaintiff (*id*. at 5-6). Instead, the doctor recommended that Plaintiff "drink more water" and "buy more commissary" (*id*. at 5).

Plaintiff filed grievances to complain about the prison diet and denial of medical care, but his grievances were ignored (*id.*).

He now sues the following defendants for conspiring to violate his rights by instituting a policy to serve male inmates a soy diet, denying them medical care for their resulting health problems, and ignoring grievances regarding the same: John Baldwin (IDOC Director), Ty Bates (IDOC Deputy Director), Jacqueline Lashbrook (Pinckneyville warden), Robert Samolinski (counselor), Mark Hartman (counselor), Suzann Bailey (food service administrator), Wexford Medical Sources (medical provider), and Vipen Shah (prison physician). Plaintiff seeks monetary damages (*id.* at 7).

## Merits Review Under 28 U.S.C. § 1915A

This matter is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following enumerated counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** **Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a soy diet.**

> Count 2: Eighth Amendment claim against Doctor Shah for refusing to treat the serious medical needs that resulted from Plaintiff's overconsumption of soy.
>
> Count 3: Eighth Amendment deliberate indifference to medical needs claim against Doctor Shah and Wexford for denying Plaintiff all treatment for his multiple sclerosis.
>
> Count 4: Fourteenth Amendment claim against Defendants for ignoring Plaintiff's grievances regarding the soy diet and denial of medical care.
>
> Count 5: Conspiracy claim against Defendants for depriving Plaintiff of a nutritionally adequate diet in an effort to drive business to the prison's commissary.

**Count 1** is subject to further review against Director Baldwin, Deputy Director Bates, Warden Lashbrook, and Food Administrator Bailey, but shall be dismissed with prejudice for failure to state a claim against Wexford, Doctor Shah, Counselor Samolinski, and Counselor Hartman. **Count 2** shall receive further review against Doctor Shah, but shall be dismissed with prejudice for failure to state a claim against all other defendants. **Count 3** shall be dismissed without prejudice against Doctor Shah and Wexford and with prejudice against all other defendants for failure to state a claim. Finally, **Counts 4** and **5** shall be dismissed with prejudice for the same reason.

## Discussion

**Count 1**

The Constitution requires prison officials to provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Plaintiff alleges that the prison had a policy of serving a soy diet to its male inmates, despite the known dangers it posed to the health of inmates (Doc. 1, p. 5).

Plaintiff suffered adverse health consequences soon after he began to consume the diet on February 24, 2015 (*id*.). He names all eight defendants in connection with the decision to offer this diet.

The allegations are sufficient to state a claim concerning the service of nutritionally inadequate or harmful foods against IDOC Director Baldwin, Deputy Director Bates, Warden Lashbrook, and Food Administrator Bailey. All of these defendants are senior level staff, who may have had decision-making authority regarding the prison diet. The claim shall be dismissed, however, against Wexford, Doctor Shah, Counselor Samolinski, and Counselor Hartman. The complaint does not allege that the prison diet resulted from a policy directive of these defendants or that they were involved in food service decisions. These defendants are also not high level officials and, by all indications, possessed no authority to implement a soy diet at the prison. **Count 1** shall be dismissed with prejudice against Wexford, Doctor Shah, Counselor Samolinski, and Counselor Hartman.

**Count 2**

At this early stage, the complaint articulates a colorable Eighth Amendment deliberate indifference to medical needs claim against Doctor Shah for denying Plaintiff medical treatment for his severe headaches, severe stomach pain, constipation, torn anus, and poor circulation. Relative to this claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with

deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

A medical need is considered "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) the "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) the "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez,* 111 F.3d at 1373.

The symptoms described by Plaintiff include severe pain associated with gastrointestinal distress and headaches. The Seventh Circuit has recognized that severe and persistent pain can rise to the level of a serious medical need. *See Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002). This includes complaints of continuous abdominal pain. *See, e.g., Chambers v. Mitchell*, 499 F. App'x 587 (7th Cir. 2013) (neither party disputed that persistent abdominal pain associated with possible constipation qualified as a serious medical need). This may also include severe pain associated with headaches. *See Look v. Heckler*, 775 F.2d 192, 193 (7th Cir. 1985) (severe, untreated headaches may qualify as an objectively serious medical need). *But see Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (breathing problems, chest pains, dizziness, sinus problems, and headaches resulting from exposure to second-hand smoke were "not sufficiently serious to be constitutionally actionable"); *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (quoting *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) ("a prison medical

staff's refusal to 'dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue . . . does not violate the Constitution'"). At this early stage, the Court finds that the symptoms described in the complaint satisfy the objective component of Plaintiff's Eighth Amendment claim in Count 2.

The complaint also suggests that Doctor Shah exhibited deliberate indifference to Plaintiff's need for medical treatment, satisfying the subjective component of this claim. Deliberate indifference is shown "when a defendant realizes that a substantial risk of serious harm to the prisoner exists, but the defendant disregards that risk." *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). The Seventh Circuit has made it clear that "[n]either medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference in violation of the Eighth Amendment." *Id.* at 440 (citing *Estelle*, 429 U.S. at 106; *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). At the same time, Plaintiff is not required to show that he was "literally ignored." *Id*. (citing *Sherrod*, 223 F.3d 605, 611 (7th Cir. 2000)). A doctor's choice of the "easier and less efficacious treatment" can support a deliberate indifference claim under the Eighth Amendment. *Id.* (citations omitted).

In the complaint, Plaintiff alleges that Doctor Shah essentially ignored his health needs. Instead, the doctor encouraged him to drink more water and buy more food from the prison's commissary (Doc. 1, pp. 5-6). The allegations support a claim against the doctor at this stage. Accordingly, **Count 2** shall proceed against Doctor Shah. This claim shall be dismissed with prejudice against all other defendants, however, because Plaintiff names none of them in connection with the claim.

**Count 3**

The complaint does not support an Eighth Amendment claim against Doctor Shah and Wexford for failing to treat Plaintiff's multiple sclerosis. In a "note" at the end of the statement of claim, Plaintiff alleges: "Plaintiff has M.S. (multiple sclerosis) and Shah told him 'we don't do anything for that here[.] Wexford won't allow it'" (Doc. 1, p. 6). The complaint offers no additional information regarding Plaintiff's condition, the need for treatment at the time of his request, the nature of his request, etc. Plaintiff also failed to provide a copy of any grievances describing the denial of treatment for this condition. Absent basic factual allegations that support this claim, Plaintiff cannot proceed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (dismissal warranted where complaint does not plead "enough facts to state a claim to relief that is plausible on its face"). **Count 3** shall be dismissed without prejudice against Doctor Shah and Wexford and with prejudice against all other defendants.

**Count 4**

The complaint supports no independent Fourteenth Amendment claim against the defendants. Plaintiff alleges that his grievances were ignored. Prison grievance procedures are not constitutionally mandated and give rise to no independent claim under the Fourteenth Amendment Due Process Clause. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, **Count 4** shall be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**Count 5**

The complaint also supports no conspiracy claim against the defendants. Plaintiff mentions a "conspiracy" in passing. This vague reference to a conspiracy claim is not supported by factual allegations. Claims of conspiracy require a factual foundation to survive preliminary review. *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dep't.*, 197 F.3d 256, 263 (7th Cir. 1999)). The allegations do not suggest that there was any "meeting of the minds" to violate Plaintiff's constitutional rights. The fact that the defendants may have played a role in carrying out a decision to serve soy at the prison does not establish the existence of a conspiracy. Likewise, the fact that one or more defendants offered Plaintiff the option of purchasing food from the commissary as an alternative to the prison food gives rise to no conspiracy claim against the defendant(s). **Count 5** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Pending Motions**

Plaintiff filed a motion for recruitment of counsel (Doc. 2), which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

Plaintiff filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED in part,** with respect to **JOHN BALDWIN, TY BATES, JACQUELINE**

**LASHBROOK, SUZANN BAILEY**, and **VIPEN SHAH**, and **DENIED in part**, with respect to **WEXFORD MEDICAL SOURCES, ROBERT SAMOLINSKI,** and **MARK HARTMAN**.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendants **WEXFORD MEDICAL SOURCES, VIPEN SHAH, ROBERT SAMOLINSKI** and **MARK HARTMAN**; **COUNT 2** is **DISMISSED** with prejudice against Defendants **JOHN BALDWIN, TY BATES, JACQUELINE LASHBROOK, SUZANN BAILEY, WEXFORD MEDICAL SOURCES, ROBERT SAMOLINSKI,** and **MARK HARTMAN**; **COUNT 3** is **DISMISSED** without prejudice against **VIPEN SHAH** and **WEXFORD MEDICAL SOURCES** and with prejudice against all other defendants; and **COUNTS 4** and **5** are **DISMISSED** with prejudice, all for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 1** is subject to further review against Defendants **JOHN BALDWIN, TY BATES, JACQUELINE LASHBROOK,** and **SUZANN BAILEY**, and **COUNT 2** is subject to further review against **VIPEN SHAH**. With regard to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **JOHN BALDWIN, TY BATES, JACQUELINE LASHBROOK, SUZANN BAILEY,** and **VIPEN SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 7, 2016**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**